U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN 29 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BENJAMIN HARRIS | CIVIL ACTION NO. 06-2214 |
| VS. | SECTION P |
| TIM WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed *in forma pauperis* on November 7, 2006 by *pro se* petitioner Benjamin Harris, an inmate in the custody of Louisiana's Department of Public Safety and Corrections. Harris is incarcerated at the Winn Correctional Center, Winnfield, Louisiana, where he is serving the twenty-five year sentence imposed following his 1999 conviction for forcible rape in the Tenth Judicial District Court, Natchitoches, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## *Statement of the Case*

Petitioner has provided a confused chronology of events.[1] [see doc. 1-1] Nevertheless, the following facts and dates appear to set forth a general chronology of events.

On some unspecified date petitioner was indicted by the Natchitoches Parish Grand Jury and charged with aggravated rape of an eight year old victim. [doc. 1-4, p. 8] In March 1998 a "VDRL" blood test revealed that petitioner was "nonreactive." [doc. 1-4, p. 2] DNA testing of samples taken from the petitioner and the child victim revealed that DNA found in fingernail scrapings taken from the victim were inconsistent with the genetic markers taken from the petitioner. [doc. 1-4, p. 1] These

---

[1] For example, in paragraph 6 of the petition [doc. 1-1, p. 3], petitioner answered affirmatively to the query, "Did you file a direct appeal...", however, he then qualified the response by writing in "Post Conviction Relief." He then claims that this pleading, filed in the Tenth Judicial District Court was denied as untimely on August 24, 2005. He then claims that he sought review of this decision in the Third Circuit Court of Appeals in the matter docketed as KH 01-01155 and that his writ application was denied by the Third Circuit on November 21, 2001. [doc. 1-1, paragraph 6(c)]. He then claims that writs taken to the Supreme Court based on the 2001 writ denial were in turn denied by the Supreme Court on September 26, 2006. [id., paragraph 6(d)]

He then claims to have filed a post-conviction application in the Tenth Judicial District Court on August 17, 2005. He likewise claims that he sought review of the denial of this application in the Third Circuit and that his writ application was denied by the appellate court on November 21, 2001. [id., paragraph 7(b)]

Finally, he claims that the pleading filed in the Tenth Judicial District Court on February 26, 2002 was also dismissed by the Third Circuit on November 21, 2001. [id., paragraph 7(c)]

Clearly, petitioner is mistaken with regard to the facts alleged concerning the Third Circuit's writ denial under Docket Number KH 01-0155. In each instance alleged, the Third Circuit denied writs at a point in time prior to the date of the complained of ruling in the District Court.

test results were given to petitioner's court-appointed counsel who informed petitioner that he was in possession of the test results, however, according to petitioner, his attorney did not reveal the results to petitioner. [doc. 1-3, p. 2]

On January 20, 1999 petitioner entered into a plea agreement whereby he was allowed to plead guilty to the lesser included offense of forcible rape. On the same date he was sentenced to serve 25-years at hard labor. [*id.*] Petitioner did not appeal. [doc. 1-1, paragraph 6][2]

On February 26, 2001 petitioner filed a *pro se* Motion to Withdraw Guilty Plea in the Tenth Judicial District Court. [doc. 1-4, pp. 21-25][3] In the Motion petitioner alleged that his "... guilty plea ... was given improvidently and involuntarily, because defense counsel ... took advantage of defendant's

---

[2] Petitioner has elsewhere referred to the plea and sentence as being part of a "plea bargain." [doc. 1-3, p. 2] Therefore, under Louisiana law, petitioner could not appeal his conviction since a plea of guilty waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976). Further, since it appears that the 25-year sentence was part of the plea "bargain", petitioner could not appeal his sentence either. La. C.Cr.P. art. 881.2(A)(2)provides, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In any event, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals that there was no direct appeal of the conviction or sentence.

[3] In his pleadings petitioner states that his Motion to Withdraw Guilty Plea was filed on February 26, 2002 [doc. 1-1, paragraph 7(c)], however, the copy of the Motion tendered as an exhibit is dated July 10, 2001. [doc. 1-4, p. 25] In the Application for Supervisory Writs filed in the Third Circuit, petitioner alleged that his Motion to Withdraw Guilty Plea was filed February 26, 2002 [doc. 1-4, p. 5] and February 26, 2001. [doc. 1-4, p. 9] Petitioner does not explain these discrepancies. Nevertheless, for the purposes of this Report, it will be assumed that petitioner filed his first post-conviction attack on February 26, 2001, the earliest of the dates alleged.

ignorant and confused state of mind, thereby persuading and allowing defendant to enter a plea of guilty to such a serious offense." [doc. 1-4, p. 22] He implied that his attorney and the prosecutor collaborated "... to render the defendant guilty with the plausible threat of a sentence of life in prison ..." [id., pp. 22-23]

The Motion to Withdraw Guilty plea was denied on May 14, 2002. [doc. 1-4, p. 5; doc. 1-4, p. 9] According to petitioner's writ application filed in the Third Circuit, the trial court denied relief because "[a] guilty plea can be withdrawn at any time 'prior' to sentencing, but 'not' after sentencing." [doc. 1-4, p. 9]

On some unspecified date petitioner filed an Application for Supervisory Writs in the Third Circuit Court of Appeals. [doc. 1-4, pp. 4-13] Petitioner argued a single Assignment of Error, "Whether the trial court abused its discretion in denying relator's motion to withdraw his guilty plea ... without first conducting a hearing considering the totality of the circumstances, since the trial court was clearly under the impression that a guilty plea could not be withdrawn after sentencing." [doc. 1-4, p. 9] Petitioner argued that he pled guilty because his attorney was not prepared for trial [doc. 1-4, p. 11] and further argued that the court failed to advise him of the sex offender registration provisions of La. R.S.15:542 as

mandated by the provisions La. R.S.15:543(A). [doc. 1-4, p. 11]

According to the Cover Sheet of petitioner's Supreme Court writ Application, the Third Circuit denied writs in an unpublished judgment under docket number KH 02-00667 on November 19, 2002. [See doc. 1-4, p. 14,] According to petitioner, the Third Circuit denied relief finding the pleading "untimely" under La. Code Crim.P. art. 930.8. [doc. 1-4, p. 17]

On some unspecified date petitioner filed a *pro se* writ application in the Louisiana Supreme Court. [doc. 1-4, pp. 14-20] Therein he alleged that his Motion to Withdraw Guilty Plea had been dismissed by the trial court as untimely under the provisions of La. C.Cr.P. art. 930.8. Further, according to the pleading, he alleged that the Third Circuit, in denying writs, noted, "There is no error in the trial court's ruling. Relator's application for post conviction relief is untimely, and relator alleges no facts warranting an exception to the post conviction time limits. State ex rel. Glover v. State, 660 So.2d 1189. For this reason, Relator's writ application is denied." [doc. 1-4, p. 18] Finally, petitioner sought Supreme Court review of his claim concerning the failure of the trial court to inform him of the sex offender registration requirements of Louisiana law. [doc. 1-4, p. 18]

On January 16, 2004 the Supreme Court denied writs citing both La. C.Cr.P. art. 930.8 and State ex rel. Glover v. State,

93-2330 (La. 9/5/95), 660 So.2d 1189. See State of Louisiana ex rel. Benjamin Harris v. State of Louisiana, 2003-0083 (La. 1/16/2004), 864 So.2d 622.

On August 17, 2005 petitioner filed an Application for Post-Conviction Relief in the Tenth Judicial District Court. [doc. 1-1, paragraph 7(b)] According to petitioner he raised claims of "ineffective assistance of counsel contestment [sic] of DNA evidence..." [doc. 1-1, paragraph 7(b); see also doc. 1-4, p. 30, paragraph I]

Meanwhile petitioner apparently sought review of some unspecified judgment of the Tenth Judicial District Court by filing a writ application to the Third Circuit sometime in the year 2001. This filing was assigned Third Circuit Docket Number KH-01-01155. According to petitioner's chronology [see footnote 1, *supra*], this writ application was denied on November 21, 2001. Petitioner's subsequent writ application in the Louisiana Supreme Court was denied on August 18, 2006 because the claims were deemed to be repetitive under La. C.Cr.P. art. 930.4(D). See State of Louisiana ex rel. Benjamin Harris v. State of Louisiana, 2006-1188 (La. 8/18/2006); 935 So.2d 153.

On September 22, 2006 another writ application filed in the Supreme Court was denied in the matter entitled State of Louisiana ex rel. Benjamin Harris v. State of Louisiana, 2006-0643 (La. 9/22/2006), 937 So.2d 382. According to that writ

denial, petitioner sought writs to review a judgment of the Tenth Judicial District Court; the writ denial did not reference any appellate court docket number.

Petitioner signed his federal *habeas corpus* petition on November 14, 2006. [doc. 1-3, p. 4] It was mailed on November 15 [doc. 1-1, p. 9], and received and filed on November 17, 2006. Petitioner raised the following claims: (1) DNA and other evidence which petitioner claims is exculpatory was withheld from him by his court-appointed attorney; (2) Ineffective assistance of counsel based on counsel's: (a) failure to advise petitioner of the exculpatory evidence; (b) failure to provide an "interpreter" for petitioner who is illiterate; (c) failure to allow petitioner access to the Discovery Case File; (d) failure to allow petitioner an opportunity to participate in his defense; (3) District Attorney utilized vindictive prosecution to extract guilty plea from an innocent defendant; and, (4) The Trial Court allowed the vindictive prosecution complained of above. [doc. 1-1, pp. 2-3]

*Law and Analysis*

**1. Timeliness under § 2244(d)(1)(A)**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184

F.3d 467, 468 (5th Cir. 8/9/1999); In Re Smith, 142 F.3d 832, 834, citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts may raise the one-year time limitation *sua*

---

[4] Petitioner relies upon the reckoning period codified at 28 U.S.C. §2244(d)(1)(D), and suggests that his AEDPA limitations period should be reckoned from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." A discussion of that contention follows.

*sponte.* <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], when the delays for seeking direct review lapsed. Petitioner pled guilty and was sentenced on January 20, 1999. Under the provisions of La. C.Cr.P. art. 914, as then written, petitioner had a period of 5 days (exclusive of holidays) within which to file a Motion for Appeal[5] or, until January 28, 1999. Under 28 U.S.C. § 2244(d)(1) he had one year, or until January 28, 2000 to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of §2244(d)(2) because he did not file his first post-conviction attack until February 21, 2001 when he filed his Motion to Withdraw Guilty Plea and by that time more than one-year had

---

[5] La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction and sentencing provided, "The motion for an appeal must be made <u>no later than [f]ive days after the rendition of the judgment</u> or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. That provision became effective sometime in August, 2003. Therefore, when petitioner was sentenced, he had a period of five days within which to file an appeal.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner pled guilty and was sentenced on Wednesday, January 20, 1999. The five day delay for filing an appeal commenced on January 21, and since January 23 (Saturday) and January 24 (Sunday), were legal holidays the period for filing an appeal motion ended on January 27, 1999.

elapsed from the date his conviction became final. Further, as stated above, the lapse of time before the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. <u>Villegas</u>, 184 F.3d 467, citing <u>Flanagan v. Johnson</u>, 154 F.3d 196, 197 (5th Cir.1998).

In other words, petitioner's *habeas*, is clearly time-barred if the limitations period is reckoned as provided by 28 U.S.C. §2244(d)(1)(A).

## 2. Timeliness under § 2244(d)(1)(D)

However, petitioner implies that the timeliness of his *habeas* petition should be reckoned in accordance with 28 U.S.C. §2244(d)(1)(D) which provides that the one-year limitations period may be reckoned from "...the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence..."

In other words, petitioner implies that his post-guilty-plea discovery of the venereal disease and DNA test results should trigger the statutory tolling provision of §2244(d)(1)(D).

Unfortunately, petitioner does not allege when he discovered this evidence. Nevertheless, he admits that his attorney had a copies of the reports in 1999, prior to the time that petitioner entered his plea.

Thus, insofar as petitioner seeks to rely on §2244(d)(1)(D), the date on which the facts supporting the claim became known or

could have become known through the exercise of due diligence, he concedes that his attorney had knowledge of the test results at the time of his guilty plea. In order to be eligible for tolling under §2244(d)(1)(D), petitioner may not rely simply on the date that the newly discovered facts became known to him; he must show when these facts <u>could have become known to him through the exercise of due diligence</u>.

In the context of the AEDPA, the terms "due diligence" have been clearly defined. In <u>Johnson v. Dretke</u>, 442 F.3d 901, 908 (5th Cir. 2006), the court made the following observation about the term as it is used in the context of second and successive *habeas* petitions, "... due diligence is measured against an <u>objective</u> standard, as opposed to the subjective diligence of the particular petitioner of record. The burden to make such a showing, of course, remains the petitioner's. [citations omitted; emphasis supplied]" To paraphrase the court, the plain language of the statute requires that we determine not whether petitioner has shown that the subject evidence could not have been discovered previously through petitioner's exercise of due diligence but instead whether the subject evidence could have been discovered previously through the exercise of due diligence. *Id*.

Based upon the evidence submitted by petitioner, the undersigned must conclude that petitioner's attorney had

knowledge of the evidence prior to the date petitioner pled guilty. Petitioner admits as much. There can be no question but that the document was wholly <u>available</u> to petitioner, and, that the evidence <u>could</u> have been discovered with the exercise of due diligence long before the otherwise unspecified date petitioner claims to have discovered it.[6] Compare <u>Balagula v. United States</u>, 73 F. Supp.2d 287 (E.D.N.Y. 1999).

Further, to the extent that petitioner might rely upon the belated discovery of these reports to extend the § 2244(d)(1) limitations period, his reliance is misplaced. Petitioner confuses his <u>knowledge</u> of the <u>factual predicate</u> of his claim with the time permitted for gathering the <u>evidence to support his claim</u>. The factual predicate of his claim for relief is essentially a claim of "actual innocence" – in other words, that he did not commit the rape he stands convicted of. It stands to reason that petitioner was "aware" of his "innocence" at the time of his plea. These reports formed no part of the factual predicate to petitioner's present claims for relief.[7] The implication that the one-year period of limitations did not begin

---

[6] Petitioner implies that he "discovered" the reports "after sentencing" when an unnamed nurse demanded that he be provided the results. [doc. 1-3, p. 2]

[7] Further, the information contained in the reports is of dubious value with regard to petitioner's post-plea claim of actual innocence. The DNA test merely confirm that no cells containing petitioner's DNA were found under the victim's fingernails. Further, the negative venereal disease test does not, in and of itself, exonerate the petitioner in the absence of other evidence of innocence.

to run until the unspecified date he discovered the documents is without merit because §2244(d)(1)(D) does not convey a statutory right to an extended delay while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 199 (5th Cir.1998).

In short, petitioner's *habeas corpus* claims are time-barred regardless of the reckoning period used and dismissal of the petition on that basis is recommended.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _29th_ day of _January_, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE